IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANK OF NEW YORK as trustee for \*<br>The certificateholders of asset-backed \*<br>Certificates, series 2003-3 and/or MERS\*<br>As appropriate              \*<br>                    \*<br>    Plaintiff           \*<br>                    \*<br>  v.                  \*<br>                    \*<br>ASTRID FABRE DEL VALLE        \*<br>                    \*<br>    Defendants          \*<br>                    \*<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | Civil No. 05-1318   (JAG)<br><br>Foreclosure of Mortgage (In Rem)<br>Collection of Monies |

## DEFAULT JUDGMENT

Upon plaintiffs application for judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against defendant for its failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which defendant plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The mortgage constituted by defendant by deed number 641, before Notary Public Antonio Jose Cruz Bonilla, at Caguas, Puerto Rico, on November 30, 2001 securing a mortgage note payable to the order of Pan American Financial, Inc., further negotiated or endorsed to the order of plaintiff Bank of New York, as trustee for the certificateholders of asset-backed Certificates, series 2003-3 and/or MERS as appropriate, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

> **URBANA:** Lote número dos (2). Predio de terreno radicado en el barrio San Antón del Municipio de Carolina, Puerto Rico, con una cabida superficial de 387.15 metros cuadrados. En lindes: por el Norte, en 14.50 metros, con parcela de uso público dedicada a camino público; por el Sur, en 14.50 metros, con terrenos de Don Ramón Rodríguez; por el Oeste, con el Solar #1, segregado de la

**finca principal y propiedad de la Sucesión de Don Ramón Osorio Quiñones y en 5.00 metros, con una parcela de uso público; por el Este, en 25.40 metros, con el Lote #3 de la Sucesión de Don Ramón Osorio Quiñones. Enclava edificación.**

**---Inscrita al folio 263 del tomo 923 de Carolina, Registro de la Propiedad de Puerto Rico, Sección segunda de carolina, Finca #37,374.**

2. Defendant, as debtor under the said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay unto plaintiff the sum of $131,997.77 of principal of the said mortgage note, plus interest at the rate of 7% per year, which at the date of June 30, 2005 amounts to the sum of $7,699.90, to its total and complete payment, plus costs, charges, disbursements and attorneys' fees in the amount of $12,395.00, in the above cause, plus all expenses and advances made by the Plaintiff.

3. In default of the payment of the sums herein before specified or of any part thereof, within the next ten days from the date of entry of this judgment, the mortgaged property described in paragraph one hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiffs mortgage within the limits secured thereby.

4. US MARSHALL is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

5. The sale to be made by the US MARSHALL appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $123,950.00.

6. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a. To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the US MARSHALL appointed herein, after said compensation and expenses shall have been fixed

and approved by this Court, all said expenses to be deducted from the sum of $12,395.00, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

    b.  To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $12,395.00.

    c.  To the payment of that part of the indebtedness owed to plaintiff up to the amount of $131,997.77 of principal of the said mortgage note, plus interest at the rate of 7% per year, which at the date of June 30, 2005 amounts to the sum of $7,699.90, to its total and complete payment, plus costs, charges, disbursements and attorneys' fees in the amount of $12,395.00, in the above cause, plus all expenses and advances made by the Plaintiff.

    d.  If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

SO ORDERED

This case is now closed for statistical purposes.

In San Juan, Puerto Rico, this 16th day of June, 2005.

                        s/ Jay A. Garcia-Gregory
                        U.S. DISTRICT JUDGE